

The Honorable Robert J. Bryan

11-CV-05346-RESP

```
_____ FILED    _____ LODGED
         _____ RECEIVED
         JUN 03 2011
      CLERK U.S. DISTRICT COURT
 WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY
```

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGONT- TACOMA

Loren Brooks and Kathryn Brooks,  )  Case No. 3:11-cv-05346-RJB
    Plaintiff,  )  **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE CLAIM**
vs.  )
Capital One Bank (USA) National Association,  )
    Defendant  )  Note of motion calendar June 10, 2011

Plaintiffs Loren and Kathryn Brooks objects to Defendant's Motion to Dismiss for Failure to State a claim.

Loren and Kathryn made Capitol One aware of fraud on their credit card in 2008. In response, Capital one closed down the account implicated in the fraud and established a new account number stating that they would send a new card to Loren and Kathryn that was never received.

The following month there were new fraud charges on the "new account" Kathryn Brooks contacted Capital One and reported the fraud again Capital One closed the account stating they would send a new credit card that again was never received.

In January of 2009 Capital One called the home of Loren and Kathryn to get a payment Loren explained to the agent representing Capital One that we had no access to our account to make a payment and that Capital One had told him for two months in a row that they would be sending all the back statements and that we had not received them.

The agent of Capital One, looked up the conversations that Loren and Kathryn had with

- 1 Opposition to Dismiss

Loren Brooks
PO Box 682
Camas, WA 98607
360-834-2132

1  previous agents and confirmed that they should have been sent, at that point, the agent looked
2  up Loren and Kathryn's address to confirm the address on file and found that Capital One had
3  started sending our statements to an address in Virginia.

5  The agent confirmed that they had sent the statements and the new cards to the address in
6  Virginia. At that time the agent changed the address back to our address. Under the FCRA, 15
7  U.S.C. 1681m (e) it states:  Capital One neglected to take precautionary measures to ensure
8  the safety of Loren and Kathryn's personal information.

10 The Defendant allege, that Loren and Kathryn made a complaint that account number (ending
11 in—4768) was also tainted with fraud. (Defendant's motion to dismiss, page2) in truth the
12 Plaintiffs stated (declaration of Loren and KathyBrooks page 2)   that they had never been
13 issued an account with the ending in 4768.

15 First Loren and Kathryn seek to impose liability on Capital One not because they did not advise
16 them to file police report but because they told them "no" they did not need to file a police
17 report.

19 On the day Kathryn Brooks called to inform Capital One about the fraud, she asked them
20 directly if she should file a police report and the agent for Capital One told her "no" she did not
21 need to file a police report that Capital One would take care of the fraud for them.

23 When the agent of Capital One advised Plaintiffs not to file a Police report, I believe they
24 assumed the role of legal counsel. Plaintiffs, Loren and Kathryn Brooks request leave to file an
25 amended complaint.  Rule 15 (2) the court should freely give leave when justice so requires.

Second and Third Plaintiffs agree that Capital One by definition, by the FDCP laws, does not fall into the category of a collection agency.

Fourth Capital One states that they are not responsible for reporting false information to the credit bureaus.

1  The FCRA contains a qualified immunity provision, 15 USC 1681h (e) states No consumer may
2  bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence
3  with respect to the reporting of information against any consumer reporting agency any user of
4  information, or any person who furnishes information to a consumer reporting agency, except as
5  to false information furnished with malice or willful intent to injure such consumer.

7  The Defendant, Capital One had monthly conversations and written communications with
8  Plaintiffs for approximately 16 months concerning the fraud on their accounts.

10 Fifth In the cause of Gross Negligence should not be dismissed for the following reasons:  The
11 Defendant, Capital One had a duty to Plaintiffs, Loren and Kathryn Brooks to protect their
12 personal information Under the FCRA, 15 U.S.C.1681m (e).

14 The Defendant Capital One also had a duty to Provide Plaintiffs with a billing statement or
15 access to their account information, monthly. The Defendant also promised the Plaintiffs, Loren
16 and Kathryn 0% liability on fraudulent charges.  Breach of that duty The Defendant breached
17 that duty when they allowed another person to change their billing address without taking
18 precautionary measures to make sure it was the Plaintiffs who actually requested the change.

20 The Defendant also had a duty to the Plaintiff to supply them with a monthly statement of their
21 billing.  Resulting Injury Due to the Defendant's gross negligence, the Plaintiffs have suffered
22 immeasurable Loss to their creditworthiness, credit capacity, reputation and character.
23 19.182.005 Findings—Declaration.

25 The legislature finds and declares that consumers have a vital interest in establishing and
   maintaining creditworthiness.  The legislature further finds that an elaborate mechanism using
   credit reports has developed for investigating and evaluating a consumer's creditworthiness,
   credit capacity, and general reputation and character.  As such, credit reports are used for
   evaluating credit card, loan, mortgage, and small business financing applications, as well as for
   decisions regarding employment and the rental or leasing of dwellings.  Moreover, financial
   institutions and other creditors depend upon fair and accurate credit reports to efficiently and
   accurately evaluate Creditworthiness.

Summary of Pleading - 3

Loren Brooks
PO Box 682
Camas, WA 98607
360-834-2132

Unfair or inaccurate reports under mind both public and creditor confidences in the reliability of credit granting systems. Proximate Cause The direct actions of the Defendant, Capital One caused the Plaintiffs, Loren and Kathryn Brooks have tainted the reputation and character in the eyes of the public, creditors and anyone else that may look into our credit report, in regards to employment, insurance, small business loans and other such matters

CONCLUSION:

For the foregoing reasons, the Plaintiffs, Loren and Kathryn Brooks respectfully request that the Court not grant the Defendant's motion to dismiss. The Plaintiffs also respectfully ask the court to grant the Plaintiffs, Loren and Kathryn Brooks for leave to file an amended complaint. Fed R. Civ. P. 9 (H) "leave shall be freely given when justice so requires.

Dated this 1st day of June, 2011

By: *Loren Brooks*

By: *Kathryn Brooks*